```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

Betty A. Ledford, by and through        :    Case No. 1:10-cv-706
her Daughter and Next Friend,           :
Karen Epperson, et. al.,                :
                                        :
    Plaintiffs,                         :
                                        :
vs.                                     :
                                        :
Michael B. Colbert, in his              :
capacity as Director of the Ohio        :
Department of Job and Family            :
Services,                               :
                                        :
    Defendant.                          :

**ORDER**

Before the Court is Plaintiffs' motion for class certification. (Doc. 45) Defendant opposes the motion (Doc. 51), and Plaintiffs have filed a reply. (Doc. 55) For the following reasons, the Court will grant the motion.

**FACTUAL BACKGROUND**

The named Plaintiffs in this case are four women who are either widows of veterans or veterans themselves.[1] Plaintiffs each reside in an Ohio Medicaid-eligible assisted living facility, and receive Medicaid services under what is known as

---

[1] Suit was originally brought by Plaintiffs Betty Ledford and Ida Gates. Ms. Ledford passed away on July 31, 2011, and Ms. Gates, after the complaint was filed, dis-enrolled from Ohio's Assisted Living Waiver program, as it no longer met her needs. The original complaint was amended to add Fern Darowski and Olive Ray Crumbly as plaintiffs. (Doc. 44).

the "waiver" program, which generally permits payment for home and community based services in lieu of admission to a nursing facility. Each plaintiff receives a Department of Veterans Affairs Aid and Attendance Allowance (VA benefits) based on their spouses' military service, their own military service (if applicable), and their own medical needs.

The Ohio Department of Jobs and Family Services ("ODJFS") is the Ohio agency that administers the state's Medicaid program. After a recipient's eligibility for Medicaid is established, ODJFS examines a recipient's available income to determine how much the recipient must contribute toward her care. (This process is called the post-eligibility income determination.) ODJFS, pursuant to state regulations, treats Plaintiffs' VA allowance as non-exempt income for the purposes of post-eligibility income determination. Plaintiffs allege this violates the due process clause and an applicable section of the Social Security Act governing Medicaid, 42 U.S.C. §1396a(r). Plaintiffs contend that this statute clearly exempts the first $90 per month they each receive as VA benefits, and this $90 cannot be counted in the post-eligibility income determination used to pay Medicaid providers.

Plaintiffs seek to represent a class consisting of "all Ohio residents who have been participants in the State of Ohio's Home and Community Based Medicaid Waiver programs since October 12,

2010, or who may become participants thereafter and who are entitled to a VA pension payment, including any payment made for aid and attendance or for unreimbursed medical expenses, and have had the first $90 of this allowance included as part of their income in calculating the payment they must make to their Medicaid Home and Community Based Waiver service providers."

Plaintiffs now seek certification of this class, arguing they have satisfied the requirements of Fed. R. Civ. P. 23. Defendant disagrees, contending that Plaintiffs' proposed class is overly broad, and that therefore Plaintiffs have failed to show numerosity, commonality of claims, or that they will adequately represent the class's interests. Defendant further contends that even if Plaintiffs have met the Rule 23 requirements, class certification is unnecessary, as if injunctive relief is obtained through an individual action, all Plaintiffs will benefit.

**DISCUSSION**

In determining whether to certify a class, the Court must not weigh or make a preliminary determination of the merits of the action. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). For purposes of a class certification motion, the Court must accept as true the allegations of the complaint. Shelter Realty Corp. v. Allied Maintenance Corp., 574 F.2d 656, 661 n.25 (2d Cir. 1987); Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th

Cir. 1975), cert. denied, 429 U.S. 816 (1976). The Court "may consider reasonable inferences drawn from facts before [it] at that stage of the proceedings." Senter v. General Motors Corp., 532 F.2d 511, 523 (6th Cir. 1976).

The Court must rigorously analyze the Plaintiff's allegations and evidence under Rule 23 because actual, and not assumed, compliance with Rule 23's requirements is indispensable. General Telephone Co. v. Falcon, 457 U.S. 147, 160 (1982). Within the framework of Rule 23, the Court has substantial discretion to grant class certification pursuant to its inherent power to control pending litigation. Reeb v. Ohio Dept. Of Rehab. & Correction, 435 F.3d 639, 643 (6th Cir. 2006).

A. Proposed Class

Defendant's main contention is that Plaintiffs' proposed class is too broad for class certification. Defendant relies on the statutory language of the relevant federal statute:

> (A) For purposes of sections 1902(a)(17) and 1924(d)(1)(D) [42 USCS §§ 1396a(a)(17)and 1396r-5(d)(1)(D)] and for purposes of a waiver under section 1915 [42 USCS § 1396n], with respect to the post-eligibility treatment of income of individuals who are institutionalized or receiving home or community-based services under such a waiver, the treatment described in subparagraph (B) shall apply ...
>
> (B)(i)In the case of a veteran who does not have a spouse or a child, if the veteran-
>
> > (I) receives, after the veteran has been determined to be eligible for medical assistance under the State plan under this title [42 USCS § §1396 et. seq.], a veteran's pension in excess of $90 per month, and

4

>           (II) resides in a State veterans home with respect
>           to which the Secretary of Veterans Affairs makes
>           per diem payments for nursing home care pursuant
>           to section 1741(a) of title 38, United States
>           Code,
>
>     any such pension payment, including any payment made due to
>     the need for aid and attendance, or for unreimbursed
>     medical expenses, that is in excess of $90 per month shall
>     be counted as income only for the purpose of applying such
>     excess payment to the State veterans home's cost of
>     providing nursing care to the veteran.
>
>     (ii) The provisions of clause (i) shall apply with respect
>     to a surviving spouse of a veteran who does not have a child
>     in the same manner as they apply to a veteran described in
>     such clause.

42 U.S.C. §1396a(r)(1). Defendant notes that subsection (B)(i)(II) speaks about veterans who "reside... in a State veterans home." Defendant maintains that this language clearly indicates that veterans and widows who are part of home and community based waiver programs are not within the reach of the statute, because they do not live in a State veterans home.

Second, Defendant points to language in subsections (B)(i) and (B)(ii), which speaks of a "veteran who does not have a spouse or a child" and the "surviving spouse of a veteran who does not have a child." Defendant contends that this language clearly indicates that any class must be limited to veterans without spouses and children, and veteran's widows without children. Since Plaintiffs fail to limit the class as such, the class is overly broad.

Plaintiffs respond that the specific subsections of 1396a(r)

must be read in context with the statute as a whole, and harmonized with the Veterans' Benefits statutes. Plaintiffs note that the Veterans' Benefits statutes define "child" as a dependent child, not just any child. 38 U.S.C. §101(4)(A). Plaintiffs also argue that the entire statutory scheme of these VA benefits is to help provide minimal subsistence income to a veteran and dependent family members, and it would be inconsistent with this purpose if the exclusion of the $90 from the veterans' post-eligibility income was limited to veterans without children. Finally, Plaintiffs argue that section 1396a(r)(1)(A) itself indicates the improbability of Defendant's contentions. Section(1)(A) notes a number of additional statutes to which the "treatment described in subparagraph (B) will apply." One of these statutes, 42 U.S.C. § 1396r-5(d)(1), is a Medicaid provision designed to calculate the monthly income allowance for a spouse and the family allowance for dependent children. Plaintiffs assert that if Section 1396(a)(r)(1) applied only to veterans without spouses and children or widows of veterans without children, there would be no need to include Section 1396r-5(d)(1) under subsection (A) in the statute.

As stated above, a court must not weigh the merits of the case during a class certification motion. Defendant's argument that the Medicaid statute applies only to those veterans in State veterans homes is a repeat of the argument made in its first

motion for partial summary judgement.  As discussed in this
Court's order denying that motion (Doc. 26), that interpretation
of the statute does not address the language in subsection
(1)(A), which states that "the <u>treatment</u> described in
subparagraph (B) shall apply." (emphasis added)  It is not
appropriate for the Court to determine at the class certification
level whether the waiver of the first $90 of VA benefits is
indeed limited only to those veterans or widows of veterans who
reside in State veterans homes.

    Defendant's second argument, that the language of the
statute limits its application to those veterans without spouses
and children (and to widows of veterans with no children)
similarly fails.  It again ignores the relationship between
subsections (1)(B) and (A), and asks the Court to delve into the
merits of the action.  Limiting the class in that fashion would
be premature at this stage.  As Plaintiffs seek certification
under Rule 23(b)(2), notice to all members of the class is not
required, and the class need not be as tightly defined as other
prospective Rule 23(b) classes, where notice to each prospective
class member is mandatory.  <u>Weathers v. Peters Realty Corp.</u>, 499
F.2d 1197, 1200 (6th Cir. 1974)("Nature of primary relief sought
in Rule 23(b)(2) class category, injunctive or declaratory
relief, does not require that class be as narrowly confined as
under either Rule 23(b)(1) or (3).")

Finally, it must be noted that pursuant to Rule 23(c)(1)(C), this order can be altered or amended before final judgment. If subsequent litigation determines that subclasses are necessary or that the relevant statute does indeed apply only to those veterans and widows who reside in nursing homes and are childless, appropriate amendments to the class certification order can be made at that time. The Court finds that the Plaintiff's proposed class is not overly broad.

B. Rule 23(a).

The proposed class representative must satisfy four requirements of Rule 23(a):

> (1) the members of the class must be so numerous that joinder of all members is impracticable (the "numerosity requirement");
>
> (2) questions of law or fact must be common to the entire class (the "commonality requirement");
>
> (3) the claims or defenses of the named representative must be typical of the claims or defenses of the class (the "typicality requirement"); and
>
> (4) the named representative must fairly and adequately represent the interests of the class as a whole (the "adequacy of representation" requirement).

1. Numerosity

There is no hard and fast rule about the number of potential class members required for certification. Classes as small as 17 identified individuals have been certified; see Afro-American Patrolmens League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974).

The key to determining whether certification is appropriate under Rule 23(a)(1) rests on the impracticability of joinder. In re American Medical Systems, 75 F.3d 1069, 1079 (6th Cir. 1996). Numerous factors play into the impracticability of joinder, including "the size of the proposed class, geographic dispersion and financial resources of class members, and judicial economy." Prater v. Ohio Educ. Ass'n, 2008 U.S. Dist. Lexis 88511, at *6, 2008 WL 2566364 (S.D. Ohio June 26, 2008).

Plaintiffs have not provided a specific number of putative class members to the court, but note that the exact number and identities of class members are under the exclusive control of Defendant. Defendant's arguments against numerosity rest on the same assertions that the class is overly broad. As discussed above, the Court will not resolve that issue as it would go directly to the merits of the matter, a factor not suitable for the class certification motion. The proper focus is whether the class proposed by the Plaintiffs is so numerous as to make joinder impossible.

Although the exact number of members of the putative class has not been determined, documents provided by Defendant indicate that in 2010, 28,519 veterans and widows participated in the Ohio Medicaid Home and Community Based Waiver programs, and thus had their monthly VA benefits counted in determining their payment obligations to the Medicaid provider. Joinder of all these

9

parties would be impractical. The putative class members are elderly individuals who, by the nature of the Ohio Medicaid Home and Community Based Waiver program, are in declining health and have limited financial resources. It would be very difficult for these individuals to afford and pursue such action on their own, particularly since the action is focused only on $90.

Furthermore, the very delicate health of the proposed class members indicates how impractical joinder would be: individual members may be likely to move in or out of the class, as they can easily fall so ill as to require nursing home care, or even die. A suit would be constantly interrupted as new members were joined to the suit and other parties would necessarily be removed. Additionally, Defendant's policy uniformly affects individuals throughout the state of Ohio, and the proposed class representatives reside in four different Ohio counties.[2] Thus, the Court finds that the class is sufficiently numerous to satisfy this subsection of the Rule.

2. Commonality and Typicality

Rule 23(a)(2)'s commonality requirement is satisfied if the resolution of at least one common issue will affect the class as a whole. See Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 424 (6th Cir. 1998). A "perfect fit" of all issues is not

---

[2] Ms. Ledford lives in Butler County, Ms. Darowski lives in Lucas County, Ms. Crumbly lives in Warren County, and Ms. Gates lives in Hamilton County.

required.  Rather, the commonality required by Rule 23(a)(2) is "qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class." American Med. Systems, 75 F.3d at 1080.  The resolution of the common issue should advance the litigation. Sprague v. General Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998).

Rule 23(a)(3) requires that the named class representative's claims be "typical" of the absent class members' claims.  A plaintiff's claim is "typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." American Med. Systems, 75 F.3d at 1082 (internal citation omitted).

Plaintiffs maintain that the common question in this case is whether Ohio's policy of counting the first $90 of their VA benefits as income when calculating their payments to Medicaid providers violates federal law.  This issue is shared by all members of the proposed class, as all members participate in the Ohio Medicaid Home and Community Based Waiver program and are veterans or widows of veterans entitled to VA benefits. Defendant again rests on its assertion that Plaintiffs' class is overly broad, as it includes every veteran in the program, not simply those without spouses or children.

Plaintiffs also contend that the representative class

11

members' claims stem from the same policy and practice that gives rise to the claims of the other members of the class, and therefore the class meets the typicality requirement of Rule 23. At the time the original complaint was filed, Ms. Ledford and Ms. Gates were spouses of veterans, received VA benefits, and had the first $90 of those benefits counted toward their post-eligibility income. The amended complaint adds as class representatives Ms. Crumbly, a veteran's widow, and Ms. Darowski, a veteran herself, who were also recipients of the Assisted Living Wavier program and had the first $90 of their VA benefits counted toward their liability.

Plaintiffs have identified an issue common to the entire class of proposed plaintiffs: whether those individuals who both receive VA benefits and are part of the Ohio Medicaid Home and Community Based waiver program can have the first $90 of their VA payments counted as post-eligibility income. Resolution of this question will advance the litigation as a whole and affect each member of the class, even if it is later determined that the questioned Medicaid statute applies only to a more narrowly-defined class. Similarly, the claims of the class representatives are typical, as their interests are aligned with the absent class members and the pursuit of their claims will also advance the interests of the entire class. Thus, the Court finds that the requirements of commonality and typicality are

satisfied.

3. <u>Adequacy of Representation</u>

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." To satisfy this subsection of the Rule, Plaintiffs must show that the class representatives' interests do not conflict with the absent class members' interests, and that the representatives and their attorneys are able to, and will, vigorously prosecute the action on behalf of the class. To defeat "adequacy," a defendant must point to a "fundamental conflict" that exists between the named plaintiffs and the absent class members. See, e.g., <u>Valley Drug Co. v. Geneva Pharmaceuticals</u>, 350 F.3d 1181 (11th Cir. 2003) (reversing certification of an antitrust direct purchaser class due to fundamental economic conflicts between the representatives and the putative class members.)

Plaintiffs argue there is no conflict of interest between the putative class representatives and the rest of the class. All the representatives, as well as the putative class, are recipients of VA benefits, participate in the Ohio Medicaid Home Community Based Waiver program, and are subject to Ohio's policy of having the first $90 of the VA benefit counted as post-eligibility income. Defendant continues to maintain that the proposed class is overly broad, and since each of the prospective class representatives has at least one child, Defendant argues

they cannot adequately represent the absent childless class members.

Despite Defendant's contentions, there is no fundamental conflict between the proposed class representatives and the absent class members. It is true that each of the class representatives has at least one child. But that fact does not give rise to a fundamental conflict between the members of the class who have children and those without — there would be no reason for the proposed class to pursue the case less aggressively or to fail to look out for the interests of the childless members of the class. The interest is the same. The Court finds the Plaintiffs are adequate representatives for the putative class.

As for the adequacy of proposed class counsel, Rule 23(g) requires the Court to consider several factors, including the work counsel has done in identifying potential claims; counsel's experience in handling class actions, other complex litigation, and counsel's knowledge of the law applicable to the case; and the resources counsel will commit to representation of the class. The Court may also consider any other issue concerning counsel's ability to fairly and adequately represent the class.

Counsel for Plaintiffs, ProSeniors, Inc., have experience in federal and class action litigation, and have worked diligently on the current case. Defendant has not raised specific

objections to proposed class counsels' qualifications. This Court has little difficulty concluding that class counsel will fairly and adequately represent the class in this case.

C. Fed. R. Civ. P. 23(b).

If Plaintiffs satisfy all four requirements of Rule 23(a), they must also satisfy one subsection of Rule 23(b). Rule 23(b)(1)(A) applies to situations that raise a substantial risk of inconsistent adjudication; Rule 23(b)(1)(B) applies when the disposition of the plaintiff's claim poses a risk of adjudicating the interest of absent parties, or impeding their ability to protect those interests. Certification under Rule 23(b)(2) is appropriate when the party opposing the class has acted or refused to act on grounds generally applicable to the class, making final injunctive or declaratory relief appropriate. And Rule 23(b)(3) applies if the Court finds that common issues predominate over any individual issues, and that a class action is the superior method of resolving the dispute.

Plaintiffs seek certification under Rule 23(b)(2), arguing that the Defendant has a uniform policy in Ohio with respect to the treatment of VA benefits, and that injunctive and declaratory relief is appropriate for all class members. The requirements of Rule 23(b)(2) are satisfied when "(1) the class as a whole is generally affected by an act or refusal to act or policy of the opposing party, and (2) the primary relief sought is in the

15

nature of injunctive relief." Hiatt v. County of Adams, 155 F.R.D. 605, 610 (S.D. Ohio 1994), citing Sweet v. General Motors Corp., 74 F.R.D. 333, 336 (N.D. Ohio 1976).

In this case, all members of the class, who both receive VA benefits and participate in Ohio's Medicaid Home and Community Based Waiver program, are affected by Ohio's policy of counting the first $90 of the VA benefits as post-eligibility income. Additionally, the primary relief sought by the Plaintiffs is injunctive and declaratory in nature: that the Defendant refrain from counting the first $90 of VA benefits as part of Plaintiffs' post-eligibility income, and that the Court impose a permanent injunction requiring the Defendant to modify its policies to achieve this relief. This injunction would affect all class members. Therefore, Plaintiffs have met the requirements of Rule 23(b)(2).

D. Necessity

Defendant finally argues that even if this Court finds that Plaintiffs have satisfied the requirements of Rule 23(a) and (b), it should still not certify the class because the claims could be pursued through an individual's civil suit requesting injunctive relief, the result of which would automatically benefit others. Defendant cites to a number of cases from the 1970s and 1980s that take this position, what some courts refer to as a "necessity requirement". Dionne v. Bouley, 757 F.2d 1344, 1355-

56 (1st Cir. 1985).

The continuing validity of this "necessity requirement" is in question. See Nehmer v. United States Veterans Admin., 118 F.R.D. 113, 118-19 (N.D. Cal. 1987)(finding it questionable whether this requirement was still good law in the 9th Circuit). Furthermore, even if the requirement is still applicable here, other considerations factor into the necessity of a class action as opposed to individual actions. In this case, the age, ill health, and limited income of the putative plaintiffs all indicate a real danger that any individual case brought by any of them would become moot. A concern that a case may become moot can render denial of class certification inappropriate, even when the class is arguably unnecessary. Dionne, 757 F.2d at 1356. Therefore, this Court will not hold the Plaintiffs to a strict necessity requirement.

**CONCLUSION**

For all of the foregoing reasons, Plaintiffs' motion for class certification under Rule 23(a) and (b)(3) (Doc. 44) is granted. The following class is certified:

> All Ohio residents who have been participants in the State of Ohio's Home and Community Based Medicaid Waiver programs since October 12, 2010, or who may become participants thereafter and who are entitled to a VA pension payment, including any payment made for aid and attendance or for unreimbursed medical expenses, and have had the first $90 of this allowance included as part of

17

their income in calculating the payment they must make to their Medicaid Home and Community Based Waiver service providers.

SO ORDERED.

DATED: April 11, 2012          <u>s/Sandra S. Beckwith</u>
                               Sandra S. Beckwith
                               Senior United States District Judge